# HARRISON *v.* DAVIS CONSTRUCTION COMPANY.*

NEGLIGENCE; TRIAL; PUBLIC IMPROVEMENTS; INDEPENDENT CONTRACTOR; STREETS; OBSTRUCTION; MUNICIPAL CORPORATIONS; NOTICE.

1. A bicycle rider accustomed to see a warning light on a pile of bricks in the street in front of a building under construction is not guilty of contributory negligence as a matter of law in riding, on a dark night, over loose bricks without seeing them, where they had been left without a warning light after the removal of the pile, and where he was riding slowly and his bicycle lamp and a near-by street lamp were burning.

2. It is the province of the jury to determine the credibility of the witnesses and the weight of evidence under proper directions in respect of the law applicable thereto, and the court is never justified in directing a verdict except in cases where, conceding the credibility

---

*Municipal Corporations—Notice.*—As to necessity of notice of condition to make municipality liable for injuries from materials placed in street by individuals, see note to *Dougherty* v. *St. Louis*, 46 L.R.A.(N.S.) 330; as to notice of claim for injury as essential to liability of town for injury by defects in highway, note to *James* v. *Wellston Twp.* 13 L.R.A.(N.S.) 1228; as to notice of claim and cause of injury from defects or obstruction in street, note to *Elam* v. *Mt. Sterling*, 20 L.R.A.(N.S.) 757.

of the witnesses and giving full effect to every legitimate inference that may be deduced from their testimony, it is nevertheless plain that the party has not made out a case sufficient in law to entitle him to a verdict and judgment thereon. (Citing *Adams* v. *Washington & G. R. Co.* 9 App. D. C. 26.)

3. An independent contractor for a public improvement, which, in the course of the performance of his contract, leaves bricks in the adjacent street without the warning light required by ordinance, is liable to one who, in the exercise of due care, is injured by such failure to maintain the light.

4. Though an independent contractor for the construction of a public building under specifications which are not proved is not directly shown to have piled bricks in the adjacent street in the course of the performance of his contract, he may, in an action for personal injuries, be found to have done so, and to have left loose bricks therein after removing the pile.

5. It is for the jury to say whether, by the exercise of reasonable care, a contractor for the construction of a building could have prevented children from carrying bricks into the street, or could have remedied the dangerous condition created by them, so as to render him liable for injuries resulting to a passer-by from his failure to do so.

6. Notice to a municipality that a contractor who is erecting a building for it has left materials piled in the adjacent street without a warning light at night, as required by ordinance, is essential to render it liable for consequent injuries to one lawfully using the street. (Citing *District of Columbia* v. *Payne,* 13 App. D. C. 500.)

7. A municipality for which an independent contractor is constructing a building is not chargeable with notice that scattered bricks in the adjacent street, causing injury to a passer-by in the night, were left there by the contractor without a warning light, where a pile of bricks placed at that point had been properly lighted by the contractor on previous nights, and had been removed on the day preceding the night of the accident, with the exception of the scattered bricks in question. (Citing *District of Columbia* v. *Blackman,* 32 App. D. C. 32.)

No. 2629.     Submitted April 6, 1914.     Decided May 4, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action brought to recover damages for personal injuries.

*Affirmed in part. Reversed in part.*

The Court in the opinion stated the facts as follows:

This is an appeal from a judgment entered on a verdict directed to be returned for the defendants.

The testimony for the plaintiff, Benjamin F. Harrison, appellant, tended to show the following facts: The District of Columbia is the owner of certain lots abutting on P street, N. W., in the city of Washington, on which stands the Armstrong Manual Training School. July 22, 1911, the District entered into a contract with the Davis Construction Company to make certain alterations in, and to erect an extension of, said building. The contractor bound itself to furnish all necessary labor and material except as herein otherwise provided for, and to do the work in accordance with the plans and specifications attached.

The plans and specifications are not shown in the bill of exceptions; nor does it appear what part of the labor and materials, if any, is otherwise provided for in the contract.

Plaintiff lived in Bates street and was an employee of the Adams Express Company. It was his custom in going to his work early in the morning to pass along P street, N. W., where the building was being improved.

About a quarter to 6 o'clock on the morning of November 16, 1911, he was riding his bicycle by the premises when he ran into a pile of loose bricks and bats and was thrown to the street, sustaining severe injuries. The bricks were in the street near an office or tool house of the construction company on the lot adjoining the school building. In passing the place for a week or two preceding the accident, plaintiff had noticed a light guarding a wagon load or two of brick piled in the street fronting and near the sidewalk. The brick pile was not there on the morning of the accident, and there was no light. Was going at the rate of 4 or 5 miles an hour, and had a light on his wheel. Saw nothing of the loose brick before running into them. The pile of brick was opposite the eastern end of the school building, where the work was being done, and 25 or 30 feet, perhaps, west of the office building of the construction company. Prior to the morning of the accident the pile of brick was about 3 feet high

and 5 or 6 feet from the sidewalk, and had been guarded by a light. There were about forty or fifty brick, some whole and some broken, lying around loose where the pile had been. There was a street lamp 15 or 20 feet from the bricks. There was a bridgeway built by the construction company for carrying bricks over the sidewalk to the lot adjoining the school building; some boards were there to protect the pavement as the construction company drove wagons over the bridge way. A witness testified that he had stumbled into a pile of rubbish at about the same place on the 14th or 15th of November. They were working on the school building at the time. There was nothing to give warning. It was a dark, cloudy morning. Another witness testified that he had seen the large pile of brick in the street in November, guarded by a light. The pile was removed between the 12th and 16th of November; did not know when the fragments were removed. They were of all sizes and about a half a wheelbarrow load. Another witness walked across the street about twenty minutes to six on the 16th. Saw the bricks in the street; no light on them. There were a couple of loads, not piled, but scattered about. Another witness testified that she saw some broken brick in the street about the 15th or 16th of November. There was a light kept on the pile, which was 5 or 6 feet high; the remnants were left there after the pile was removed; saw no light guarding them. Cross-examined: Upon being asked whether it was not a fact that brick were not piled back on the lot, the witness answered: "My boy was in them; the children would play with them during the day and scattered them out in the street, and they were not picked up."

Upon the conclusion of plaintiff's evidence the court, upon motion of defendants, directed a verdict for each, which was returned and judgment thereon entered.

*Mr. E. Hilton Jackson* and *Mr. St. George R. Raby,* for the appellant:

1. Where the plaintiff reasonably connects the injury complained of with the negligence of the defendant, the burden is

then upon the defendant to show that the other intervening caus-
es produced the injury. *Patterson* v. *Ocean Acci. Corp.* 25
App. D. C. 47; *Railway Co.* v. *Lukens,* 32 App. D. C. 445;
Tiffany, Death by Wrongful Act, 2d ed. sec. 74.

2. Plaintiff was not guilty of contributory negligence. *Mos-
heuvel* v. *District of Columbia,* 191 U. S. 347.

3. Was the District of Columbia in the exercise of a govern-
mental function and thereby exempt from liability?

A municipality must keep its streets and sidewalks in a safe
condition for the use of the traveling public. *District of Colum-
bia* v. *Duryee,* 29 App. D. C. 327; *District of Columbia* v.
*Blackmore,* 32 App. D. C. 32.

4. And this duty may not be delegated by a municipality to
others, thereby relieving itself from liability. *District of
Columbia* v. *Woodbury,* 136 U. S. 450, 464.

5. A municipality is not liable for failure to perform a mere
governmental duty. *Brown* v. *District of Columbia,* 29 App.
D. C. 273, 283; *Barnes* v. *District of Columbia,* 91 U. S. 540;
*District of Columbia* v. *Tyrrell,* decided February 2, 1914.

6. But the liability of a municipality for failure to keep its
streets and sidewalks free from obstruction may not be relieved
on the ground of a governmental function, where the injury in
question is not occasioned by negligent acts in the building or
on its premises, but outside of the same and on a public thor-
oughfare. *Hill* v. *Boston,* 122 Mass. 344, 358; *Miles* v. *Wor-
cester,* 154 Mass. 511; *Briget* v. *Philadelphia,* 135 Pa. 451.

*Mr. Edwin C. Brandenburg, Mr. Clarence A. Brandenburg,*
and *Mr. F. Walter Brandenburg,* for the appellee construction
company:

1. Although a person may be guilty of a negligent act from
which injury results to another, yet if the person injured could
by ordinary prudence have prevented the injury, he cannot re-
cover. The record fails to contain a single word showing the
exercise of any care whatsoever on the part of the plaintiff.

*L. & N. R. Co.* v. *Yunistra,* 21 Fla. 700; *Lilley* v. *Fletcher,* 81 Ala. 234; *N. & W. R. Co.* v. *Cromer,* 99 Va. 765.

: 2. At least some proof of responsibility must first be offered before defendant can be held liable. *Ruppert* v. *Brooklyn Heights R. Co.* 154 N. Y. 90; *Brecher* v. *Ehlen,* 94 Ill. App. 369; *Wodroczka* v. *Con. Gas Co.* 61 N. Y. Supp. 186; *Denby* v. *Willer,* 59 Wis. 240, 243; *Chester* v. *Cape May Real Estate Co.* 73 Atl. 836; *Warner* v. *St. Louis & M. Ry. Co.* 171 Mo. 134; *Weaver* v. *Railroad Co.* 3 App. D. C. 436, 452; *Lamb* v. *Union R. Co.* 88 N. E. 371, 373.

*Mr. Conrad H. Syme* and *Mr. Roger J. Whiteford,* for the appellee District of Columbia:

1. The District of Columbia is not an insurer against injury on its streets, sidewalks, or elsewhere, but the District of Columbia must be proven to have had actual notice of the dangerous condition of the street, or that the dangerous condition had existed for such a length of time as that it might be deemed to have constructive notice of such dangerous condition. *District of Columbia* v. *Payne,* 13 App. D. C. 504; *District of Columbia* v. *Blackman,* 32 App. D. C. 32.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

1. The learned trial justice expressly excluded the question of contributory negligence of the plaintiff as a ground for directing the verdict. But the point has been urged in support of the judgment. The plaintiff had the right to travel the street. He had on previous mornings observed the brick piled in the street, but a lantern upon it, in pursuance of the requirement of the District regulations, gave warning. This pile had been removed before the morning of the 16th. Loose brick had been left in the street after the removal of the main pile, and were not indicated by a warning lantern. At an early hour in the morning, while it was yet dark, plaintiff rode down the street

as he had been accustomed to do. Not observing the loose brick, he rode onto them and was hurt. His bicycle lamp was lighted, and there was a street lamp some little distance away. He says he was riding at a slow rate and did not see the bricks. This evidence was uncontradicted, and certainly did not show contributory negligence as matter of law.

2. It is the province of the jury to determine the credibility of the witnesses and the weight of the evidence, under proper directions in respect of the law applicable thereto. "The court is never justified in directing a verdict except in cases where, conceding the credibility of the witnesses and giving full effect to every legitimate inference that may be deduced from their testimony, it is nevertheless plain that the party has not made out a case sufficient in law to entitle him to a verdict and judgment thereon." *Adams* v. *Washington & G. R. Co.* 9 App. D. C. 26, 30, 9 Am. Neg. Cas. 163.

Tested by this rule, we think it was error to direct a verdict for the Davis Construction Company. The regulations require that a warning light shall be displayed on or over every obstruction permitted to be made in a public street. If the loose brick were lodged or left in the street by the defendant, in the course of the performance of its contract, it was its duty to mark the same with the required light. If the plaintiff, in the exercise of ordinary care, was injured by the failure to light the loose brick into which he rode, the defendant is liable to him for the reasonable consequences of its negligence.

It is argued that there is no testimony tending to show that the defendant was using brick in the performance of its contract, or that it was responsible for the pile of brick or the loose brick left after the removal of the pile. It is true that, while it was under a contract not then fully performed, to erect an addition to a school building,—a contract the specifications of which were not proved,—it does not directly appear that it was using brick in the performance. Nor does it appear that it laid the pile of brick, or left the loose brick in the street when the pile was removed. But it may be legitimately inferred from the evidence heretofore recited both that it had piled brick in

the street for use in the performance of its contract, and that in removing the same it left the loose brick and bats in the street. The jury would, at least, be warranted in deducing such an inference from the facts proved. It is possible, too, that the bricks may have been scattered in the street by children at play, but that is for the determination of the jury. It was also for the jury to determine, in case they found that the bricks were carried into the street by children, whether the defendant could, by the exercise of ordinary and reasonable care, have prevented the commission of the nuisance by the children, or have remedied its commission.

3. The situation of the defendant, the District of Columbia, is different. It had entered into a contract with a presumably responsible contractor to improve its school building. In such work it is usual, and ordinarily not unreasonable, to permit the contractor to occupy a part of the adjacent street with his structures and materials. In such case, as we have seen, the regulations require that the contractor shall display a warning light on or over his obstructions. It may be assumed that it is the duty of the District authorities to exercise reasonable supervision and care to see that persons authorized to obstruct the streets shall guard, and display warnings of, the danger. In this instance it appears from the evidence that warning lights had been displayed as long as the pile of brick was maintained in the street. The evidence indicates clearly that the pile could not have been removed earlier than during the day preceding the accident. Consequently, whether the brick and bats were left on the site of the former pile, or place there by playing children, they could only have been so left or scattered during that day. "Notice * * * of the defect which caused the injury, or facts from which notice may reasonably be inferred, or proof of circumstances from which it appears that the defect ought to have been known and remedied by it, is essential to liability." *District of Columbia* v. *Payne,* 13 App. D. C. 500, 504.

Giving the plaintiff the benefit of every legitimate inference deducible from the testimony, we are of the opinion that the court did not err in holding that there was a complete failure to

show notice to the District of Columbia of the dangerous condition of the street at the time of the accident.

The conditions are similar to those presented in *District of Columbia* v. *Blackman,* 32 App. D. C. 32, 39, in which case it was said: "There was no evidence before the jury that the District had knowledge, either actual or constructive, of the unguarded condition of the hole at the time the plaintiff fell into it. On the contrary, the circumstances as disclosed by the evidence were such as to warrant the District in believing that the conditions of its permit were continuing to be carried out. If, therefore, in the circumstances of this case, the District is to be chargeable with liability, we must in effect impose upon it the duty of placing a representative in direct supervision over every similar work in the District. We do not so understand the law."

So much of the judgment as is in favor of the Davis Construction Company is reversed with costs; so much of it as is in favor of the District of Columbia is affirmed, and the cause is remanded to the Supreme Court of the District for further proceedings.                    *Affirmed in part; reversed in part.*

Mr. Justice VAN ORSDEL concurs in the result.