Eunice GOODMAN and Bernard I. Goodman, Appellants,

v.

SEARS ROEBUCK COMPANY and Joseph F. Nebel Company, a Corporation, Appellees.

No. 1904.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 7, 1957.

Decided Feb. 20, 1957.

Alvin L. Newmyer, Jr., Washington, D. C., with whom Mark B. Sandground was on the brief, for appellants. Selmer R. Johnson, Washington, D. C., also entered an appearance for appellants.

Allan C. Swingle, Washington, D. C., with whom George N. Kenyon was on the brief, for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant Eunice Goodman and her husband sued for damages resulting from a fall suffered by her shortly after leaving the Sears Roebuck Store in Arlington, Virginia. Named as defendants were Sears and a construction company hereafter called Nebel. This appeal is from a directed verdict against appellants at the close of their case.

The testimony of appellants was that they were customers in Sears' store and left the

store to go to Sears' parking lot which was located across a street at the rear of the store; that they left the store by the front entrance, walked a few paces to the juncture of the front and side of the building and then proceeded along a walk adjacent to the side of the building in order to go to the parking lot in the rear; that construction work was in process on this side of the building and a temporary covered walkway had been built there; that a few feet from the end of this walkway boards had been placed on the ground; that after going through the covered walkway, the wife, who was in front, attempted to step on one of the boards but lost her balance and fell because the board tipped up due to some other person stepping off the other end.

■ Appellants' evidence did not make clear whether the walkway and boards were on public or private property and the trial court gave as its reason for directing a verdict the absence of proof that the area in which the fall occurred was under the control of either defendant. We think the trial court was in error in considering as a vital issue the question of control over the area where the injury occurred. One who creates a dangerous condition is responsible for his acts regardless of legal control over the area.

■ Appellees contend that, aside from the question of control, appellants' evidence failed to make a prima facie showing of negligence on the part of either appellee and therefore the directed verdict was proper. This argument is largely based on the failure to prove by whom the boards were laid. However, Nebel was engaged in constructing an addition to the store,[1] and we think a jury could reasonably infer that the covered walkway and boards were placed in the course of the construction work and were intended for use by pedestrians.[2]

■ With respect to Sears it could be reasonably inferred that the walkway and boards were made necessary by the construction of the addition to its store, and presumably it knew its customers were using the walkway and boards in going from its store to its parking lot. Under these circumstances, Sears was under a duty to keep the walk reasonably safe for its customers.

We do not consider the claim of appellees that Sears was not the owner of the building and that Nebel was constructing the addition pursuant to a contract with the owners and had no contractual relationship with Sears, or their claim that the negligence, if any, was that of Johnston, with whom Nebel had a contract. As yet, there is no proof of these alleged facts. We rule that on the evidence presented it was error to direct a verdict. So ruling we find it unnecessary to pass upon the claim of error in the refusal of the trial court to permit Johnston to testify for appellants in their case in chief.

Reversed with instructions to grant a new trial.

---

1. Appellees' brief says there was no testimony that "Nebel had anything to do with any construction work," but in his opening statement counsel for appellees admitted that Nebel was engaged to build an addition to the store and was in process of construction at the time of the injury.

2. See Harrison v. Davis Construction Co., 42 App.D.C. 255.